**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GLENN L. UDELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TRANS UNION, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, GLENN L. UDELL, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against TRANS UNION, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      GLENN L. UDELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Highland Park, County of Lake, State of Illinois.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

1

—

6. TRANS UNION, LLC, (hereinafter, "Defendant") is a business entity that regularly conducts business in the State of Illinois. Defendant is registered as a limited liability company in the State of Illinois..

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

### IV. ALLEGATIONS

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10. Defendant has been reporting to third parties derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history

11. The inaccurate information of which Plaintiff complains is a trade-line relative to a judgment that was allegedly entered against Plaintiff in the County of Cook, State of Illinois.

12. Specifically, the aforementioned trade-line denotes that a judgment was entered against Plaintiff in a matter that was pending in the County of Cook, State of Illinois with case number 10 M1 113585 (hereinafter "Cook County matter").

13. Plaintiff was not a party in the Cook County matter.

14. No judgment was entered against Plaintiff in the Cook County matter.

15. No judgment has ever been entered against Plaintiff.

16. At all relevant times, Plaintiff was a partner with the law firm of Brown, Udell, Pomerantz & Delrahim, Ltd (hereinafter, "BUPD").

17.     BUPD was a registered agent for the defendant in the aforesaid Cook County matter and, as registered agent, accepted service for the defendant in that matter.

18.     On June 11, 2011, a judgment was entered against the defendant in the Cook County matter.

19.     On June 11, 2011, a judgment was neither entered against Plaintiff, as an individual, nor BUPD in the Cook County matter.

20.     Plaintiff is neither legally responsible nor obligated to pay for the aforesaid judgment.

21.     Despite the foregoing, Defendant has disseminated credit reports and/or information that a judgment was entered against Plaintiff relative to the Cook County matter in the amount of $3,089 (hereinafter, "the inaccurate information").

22.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

23.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24.     Defendant is aware that the credit reports regarding Plaintiff will be disseminated to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

25.     In 2011, prior to May 22, 2011, Plaintiff disputed the inaccurate information with Defendant to its representatives and by following Defendant's established procedure for disputing consumer credit information.

26.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, Defendant notified the furnisher of the inaccurate information of Plaintiff's dispute and the nature of the dispute.

27.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, the furnisher of the inaccurate information received notification from Defendant of Plaintiff's dispute and the nature of the dispute.

28.     Upon information and belief, Defendant received the results of the furnisher's investigation as to Plaintiff's dispute.

29.     Notwithstanding Plaintiff's efforts, on or about May 22, 2011, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30.     Notwithstanding Plaintiff's efforts, on or about May 22, 2011, Defendant further amended the inaccurate information relative to Plaintiff by publishing and disseminating that the putative judgment entered against Plaintiff relative to the Cook County matter was now in the amount of $13,000, as opposed to in the amount of $3,089, i.e., the amount that was previously published and disseminated by Defendant to third-parties.

31.     The aforesaid inaccurate information continued to negatively reflect upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

32.     Again, the credit reports relative to Plaintiff containing the aforesaid inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

33.    Again, Defendant was aware that the credit reports regarding Plaintiff would be disseminated to various other persons or parties who would be reviewing this information for the purpose of extending credit, insurance or employment.

34.    Again, on or about June 1, 2011, Plaintiff disputed the inaccurate information with Defendant via facsimile to its representatives and by following Defendant's established procedure for disputing consumer credit information.

35.    Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

36.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, Defendant notified the furnisher of the inaccurate information of Plaintiff's dispute and the nature of the dispute.

37.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant, the furnisher of the inaccurate information received notification from Defendant of Plaintiff's dispute and the nature of the dispute.

38.    Upon information and belief, Defendant received the results of the furnisher's investigation as to Plaintiff's dispute.

39.    On or about June 27, 2011, Defendant deleted the inaccurate information relative to the putative judgment that was entered against Plaintiff.

40.    On or about June 27, 2011, Defendant ceased publishing and disseminating such inaccurate information to other third parties, persons, entities and credit grantors.

41.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

42.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.  Denial of attempts to obtain a credit card in his name;

b.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

c.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

e.  Decreased credit score which may result in inability to obtain credit on future attempts.

43.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

44.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

a.  Willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

6

b.  Willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(ii); and,

c.  Willfully and negligently failing to maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is previously deleted in violation of 15 U.S.C. §1681i(a)(5)(C);

d.  Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

46.  The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

47.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GLENN L. UDELL, by and through his attorneys, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00;

c.     Punitive damages;

d.     Plaintiff's attorneys' fees and costs; and,

e.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**GLENN L. UDELL**


By: ___s/ David M. Marco_____
       Attorney for Plaintiff


Dated: <u>January 20, 2012</u>


David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us